Mary Ann THURGOOD, Plaintiff and Appellant,

v.

A. Spencer THURGOOD, Defendant and Respondent.

No. 860073.

Supreme Court of Utah.

Nov. 3, 1986.

Dale M. Dorius, Michael L. Miller, Brigham City, for plaintiff and appellant.

Richard K. Glauser, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiff appeals from a final decree of divorce entered by the Third District Court. As a sole issue on appeal, plaintiff contends that the court erred in modifying the stipulation of the parties with respect to visitation rights. We affirm.

Under the decree of divorce, plaintiff was awarded the care, custody, and control of the parties' minor children subject to reasonable rights of visitation in defendant.

At the hearing held on November 19, 1985, the parties read their stipulation into the record. The transcript shows that the parties stipulated that defendant should have visitation every other legal holiday except for the holidays of Thanksgiving and Christmas, which should be divided between the parties. The parties further stipulated that the day of Thanksgiving and the day of Christmas should further be divided between the parties. In addition, the parties stipulated that Christmas visitation on Christmas morning one year should be alternated with Christmas afternoon and evening the next year.

The decree of divorce provides as follows:

> The Christmas and Thanksgiving holidays shall be divided into two sections which shall alternate annually. The first section for Christmas holiday shall be from December 24 at 12:00 noon until December 25 at 12:00 noon; and from December 29 at 12:00 noon until January 1 at 12:00 noon. The second section shall be from December 25 at 12:00 noon until December 29 at 12:00 noon. The Thanksgiving holiday section shall be from Wednesday before from 12:00 noon to Thanksgiving day at 12:00 noon; and from 12:00 noon Thanksgiving day until 12:00 noon on Saturday following Thanksgiving. Defendant shall have the option to choose which of these sections he wishes to have for Christmas 1985 and Thanksgiving 1986.

In her brief, plaintiff makes this statement: "There is no doubt that this schedule is inconsistent with and modifies the stipulation of the parties as read into the record on November 19, 1985." Plaintiff makes no further comment concerning how the decree modifies the stipulation, or how the decree creates a hardship to either party in view of their stipulation.

The decree is not inconsistent with the stipulation of the parties. Instead, it clarifies the rights of visitation as stipulated. Plaintiff's point is totally without merit and the decree is affirmed.